UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| DANA INCORPORATED<br>500 Techwood Drive<br>Danville, Kentucky 40422,<br><br>      Plaintiff,<br><br>v.<br><br>INTERNATIONAL UNION, UNITED<br>AUTOMOBILE, AEROSPACE AND<br>AGRICULTURAL IMPLEMENT<br>WORKERS OF AMERICA, LOCAL<br>UNION NO. 3062<br>151 Maddox-Simpson Parkway<br>Lebanon, Tennessee 37090-5345,<br><br>      Defendant. | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT** |

1. Dana Incorporated ("Dana" or "the Company") files this action to vacate an arbitration award issued on October 17, 2019 by Arbitrator Daniel M. Kininmonth.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

3. This Court has venue under 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 185 because the events giving rise to this claim occurred in this judicial district and the defendant is "engaged in representing or acting for employee members within the geographic scope of this district division."

## THE PARTIES

4.  Dana is an employer in an industry affecting interstate commerce under 29 U.S.C. §§ 152 and 185. It is a corporation under the laws of the State of Delaware with its principal place of business in Maumee, Ohio. Dana operates a plant in Danville, Kentucky ("Danville Plant").

5.  The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union No. 3062 ("the Union") is an unincorporated association and a labor organization representing employees in an industry affecting commerce under 29 U.S.C. §§ 152(5) and 185. The Union is the exclusive representative of certain Danville Plant employees.

## FACTS

6.  Dana and the Union are parties to a collective bargaining agreement ("CBA"), effective June 1, 2017 through August 18, 2021, that governs the terms and condition of employment for a representative unit of Danville Plant employees. True and accurate copies of relevant portions of the CBA are attached as Exhibit A.

7.  Article 25 of the CBA sets forth the grievance process for resolving disputes between Dana and the Union. If the Union is dissatisfied with the outcome of the grievance process, it may submit the matter to arbitration.

8.  The "Arbitration Rules" provision in Article 26 of the CBA provides that the arbitrator "shall have no right to change, add to, subtract from, or modify any terms of this Agreement and Supplements thereto or to establish or change any wage rates except for newly created classifications." (Ex. A, pp. 59-60).

9.  Dana and the Union are parties to a last chance agreement ("LCA"), executed November 1, 2017, that covers the terms and conditions of Union member and Danville Plant

employee Brandon Akerman's employment. A true and accurate copy of the LCA is attached as Exhibit B.

10. Dana and the Union modified the CBA for Mr. Akerman by entering into the LCA.

11. The LCA reads, in part, "1. You are expected to adhere to the general plant safety rules and general rules of conduct as well as the attendance policy. ... 5. In the event you violate the terms of this LCA and your employment is terminated, you will not have access to the grievance procedure unless there is a question regarding the legitimacy of the termination. ... Full compliance with the requirements of this agreement constitutes your conditions of continued employment. Failure to comply with all of the terms and conditions will result in discharge." (Ex. B).

12. On May 21, 2018, Mr. Akerman committed conduct that violated the LCA.

13. One May 22, 2018, Dana terminated Mr. Akerman for violating the LCA.

14. The Union grieved Mr. Akerman's termination. Dana denied the grievance because Mr. Akerman had violated the LCA. The Union ultimately appealed the matter to arbitration. True and accurate copies of the grievance documents are attached as Exhibit C.

15. The arbitration hearing occurred on May 21, 2019 before Arbitrator Kininmonth. Dana contended that Mr. Akerman had violated the LCA and, if Arbitrator Kininmonth agreed there had been a violation, he was bound to uphold the termination. The parties later submitted briefs supporting their respective positions. Dana's brief is attached as Exhibit D; the Union's brief is attached as Exhibit E.

16. Arbitrator Kininmonth issued an award on October 17, 2019, a true and accurate copy of which is attached as Exhibit F.

26155526.1

17. Arbitrator Kininmonth concluded that the LCA was binding on Mr. Akerman, that he had violated it, and that he received an adequate due process opportunity to respond.

18. Nonetheless, Arbitrator Kininmonth sustained the Union's grievance and made the following award: "The grievance is sustained. Grievant's discharge under the Last Chance Agreement was not based on 'Just Cause.' Grievant's termination is hereby vacated. The Grievant will be reinstated to his former position of Production Team Member (Gasketmaker) effective May 22, 2018." (Ex. F, p. 33)

## THE ARBITRATOR ACTED OUTSIDE HIS AUTHORITY AND FAILED TO CONSTRUE OR APPLY PROPERLY THE CBA AND LCA

19. Arbitrator Kininmonth acted outside his authority and failed to construe or apply properly the CBA and LCA when he unilaterally added to or modified the express terms of the LCA to include a "just cause" standard that differs from the LCA's mutually agreed standard.

20. Arbitrator Kininmonth acted outside his authority and failed to construe or apply properly the CBA and LCA when he found Mr. Akerman violated the LCA but did not uphold his termination and instead ordered his reinstatement.

21. Arbitrator Kininmonth ignored and contradicted the unambiguous, express terms of the LCA, exceeding the powers granted to him in Article 26 of the CBA.

22. Arbitrator Kininmonth's critical conclusions further reflect a manifest disregard of applicable law and are not tied to the language of the LCA, further proving he exceeded his authority.

23. Arbitrator Kininmonth's award was not drawn from the essence of the CBA and LCA.

24. Because the Arbitrator exceeded his legal authority and contractual authority, the award should be set aside and vacated.

26155526.1

WHEREFORE, Plaintiff Dana Incorporated requests that this Court:

 (a) set aside and vacate the award issued by Arbitrator Kininmonth on October 17, 2019;

 (b) issue a decision denying the Union's grievance against the Company; and,

 (c) award any other relief this Court deems proper.

          Respectfully submitted,

          */s/ Brian G. Dershaw*
          Brian G. Dershaw
          Taft Stettinius & Hollister LLP
          425 Walnut Street, Suite 1800
          Cincinnati, Ohio 45202
          Tel: (513) 381-2838
          Fax: (513) 381-0205
          bdershaw@taftlaw.com

          Attorney for Plaintiff